UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHANNON SMITH, ) | CASE NO. 1:12CV79 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| MICHAEL J. ASTRUE, ) | **REPORT AND RECOMMENDATION** |
| COMMISSIONER OF ) | **OF MAGISTRATE JUDGE** |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

Shannon Smith ("Plaintiff") seeks judicial review of the final decision of Michael J. Astrue ("Defendant"), Commissioner of the Social Security Administration ("SSA"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF Dkt. #1.  For the following reasons, the undersigned recommends that the Court REVERSE the Commissioner's decision and REMAND this case for further proceedings and analysis:

**I.      PROCEDURAL AND FACTUAL HISTORY**

On January 25, 2010, Plaintiff applied for DIB and SSI, alleging disability beginning May 31, 2008 due to depression, panic attacks and anxiety.  ECF Dkt. #12 at 212-224.  The SSA denied Plaintiff's application initially and on reconsideration.  *Id.* at 111-113, 116-122, 126-139.  Plaintiff requested an administrative hearing and on June 6, 2011, an Administrative Law Judge ("ALJ") conducted an administrative hearing where Plaintiff was represented by counsel.  *Id*. at 81.  At the hearing, Plaintiff and a vocational expert ("VE") testified.  *Id.*  On July 25, 2011, the ALJ issued a Decision denying benefits.  *Id.* at 66-75.  Plaintiff filed a request for review, and on December 5, 2011, the Appeals Council denied Plaintiff's request for review.  *Id*. at 57.

On January 12, 2012, Plaintiff filed the instant suit seeking review of the Decision.  ECF Dkt. #1.  On June 13, 2012, Plaintiff filed a brief on the merits.  ECF Dkt. #13.  On July 14, 2012, Defendant filed a brief on the merits.  ECF Dkt. #14.

**II.** **SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION**

The ALJ determined that Plaintiff suffered from obesity, carpal tunnel syndrome, a history of a left heel spur; and a depressive disorder, which qualified as severe impairments under 20 C.F.R. §416.920(c). ECF Dkt. #12 at 69. The ALJ further determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R. 404.920(d) ("Listings"). *Id.* at 69-70.

The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to a limited range of light work with no more than occasional reaching overhead or repetitive grasping with her left upper extremity, with at least occasional postural activities and no climbing ladders, ropes or scaffolds at all. ECF Dkt. #12 at 71. The ALJ further restricted Plaintiff to simple, routine tasks with only superficial interactions with others. *Id.*

With this RFC, and the testimony of the VE, the ALJ concluded that Plaintiff could not perform any of her past relevant work, but she could perform jobs existing in significant numbers in the national economy such as visual inspector, car wash attendant, charge account clerk and food and beverage order clerk. ECF Dkt. #12 at 75.

**III.** **STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS**

An ALJ must proceed through the required sequential steps for evaluating entitlement to SSI benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

  4.  If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

  5.  If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted). An ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (citations omitted). The Court cannot reverse the decision of an ALJ, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion. *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997).

## **V.      ANALYSIS**

Plaintiff advances only one error on the part of the ALJ, asserting that she violated the treating physician rule by rejecting the opinions of Plaintiff's treating psychiatrist, Dr. Vazquez. ECF Dkt. #13 at 587-590.  Plaintiff contends that the ALJ failed to provide "good reasons" for rejecting those opinions.  She reviews the ALJ's reasons and explains why they are lacking.  *Id.*

Dr. Vazquez completed a psychological questionnaire on May 2, 2011 and indicated that he treated Plaintiff every four to eight weeks to adjust her medication while Plaintiff also treated with a counselor in the same office. ECF Dkt. #12 at 547.  He listed Plaintiff's diagnoses as major severe depression, panic disorder and post-traumatic stress disorder.  *Id.*  He described Plaintiff's symptoms as: "sad mood, crys[sic] often, low energy, low motivation, difficulty sleeping, nightmares, low appetite, weight lost, anxious, more around people, withdrawn, panic episodes.  Poor attention and concentration."  *Id.*  He provided the details of Plaintiff's treatment and her response thereto, indicating that her response to medication and counseling "has been very limited."  *Id.*  When asked to comment on Plaintiff's ability to work a full workday and workweek, Dr. Vazquez wrote:

> She has little energy left after taking care of her children even to adequately take care of self.  She keeps appointments irregularly due to her fears.  I don't think she could work 8 hrs and would be very inconsistent in attending [illegible] ...

*Id.*  Dr. Vazquez went on to state that Plaintiff suffered symptoms severe enough to interfere with her attention and concentration to perform simple tasks "every day at least 50% of the time." ECF Dkt. #12 at 548. He further commented that Plaintiff's "attendance would be poor, has difficulty with all decisions any extra pressure would cause her symptoms to get worse and her capacity to function would decrease even more."  *Id.*  He also opined that "I don't think she can come close to even part time work."  *Id.*

In attributing "no weight" to the opinions of Dr. Vazquez, the ALJ stated:

> No weight is given to the medical assessment provided by Eduardo Vasquez[sic], M.D. (Exhibit 15F).  His opinions are not supported by objective medical findings and are inconsistent with the Global Assessment of Functioning score of 50 that he assigned to the claimant multiple times.  Furthermore, Dr. Vasquez's[sic] opinions are inconsistent with other opinions in the record, the claimant's level of treatment, and her activities of daily living.

-4-

ECF Dkt. #12 at 73-74.

An ALJ must adhere to certain standards when reviewing medical evidence in support of a claim for social security. The ALJ evaluates every medical opinion, but must give controlling weight to the opinions of the claimant's treating physicians on the nature and severity of the impairment. 20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2). A presumption exists that the opinion of a treating physician is entitled to great deference. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007). If that presumption is not rebutted, the ALJ must afford controlling weight to the opinion of the treating physician if that opinion regarding the nature and severity of a claimant's conditions is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Wilson,* 378 F.3d at 544.

If an ALJ decides to discount or reject a treating physician's opinion, she must provide "good reasons" for doing so. SSR 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how his case is determined, especially when he knows that his treating physician has deemed him disabled and he may therefore " 'be bewildered when told by an administrative bureaucracy that he is not, unless some reason for the agency's decision is supplied.' " *Wilson,* 378 F.3d at 544 quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir.1999).

Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why she rejected or discounted the opinions and how those reasons affected the weight accorded the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243, citing *Wilson*, 378 F.3d at 544.

"When a treating physician...submits an opinion on an issue reserved to the Commissioner-such as whether the claimant is 'disabled' or 'unable to work'- the opinion is not entitled to any particular weight." *Turner v. Comm'r of Soc. Sec.*, No. 09-5543, 2010 WL 2294531 at *4, (6th Cir. June 7, 2010), unreported; *see also* 20C.F.R. §416.927(e)(1). "Although the ALJ may not entirely ignore such an opinion, his decision need only explain the consideration given to

-5-

the treating source's opinion." *Id*. (internal quotation and citation omitted).

Where a treating physician's opinion cannot be given controlling weight, the ALJ must consider and balance the following factors set forth in the Social Security Regulations in determining the weight to give the opinion: "the length of the treatment relationship and the frequency of examination; nature and extent of the treatment relationship; extent to which the opinion is supported by relevant evidence; extent to which the opinion is consistent with the record as a whole; and whether the treating physician is a specialist in the area on which the disability claim is based." pinion." *Wilson,* 378 F.3d at 544; *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Opinions of one-time examining physicians and record-reviewing physicians and medical experts who testify during administrative hearings are also weighed under these same factors, including supportability, consistency, and specialization. *See* 20 C.F.R. §§ 404.1527(c), (e); 419.927(c), (e).

In assigning "no weight" to Dr. Vazquez's assessment, the ALJ relied upon five basic reasons. ECF Dkt. #12 at 73-74. She first found that Dr. Vazquez's assessment was "not supported by objective medical findings." *Id*. at 73. However, the ALJ failed to identify the objective medical findings that did not support Dr. Vazquez's opinion. Moreover, Dr. Vazquez's assessment specifically detailed his diagnoses of Plaintiff with major severe depression, panic disorder and post-traumatic stress disorder, and he described her symptoms of a sad mood, low energy and motivation, difficulty sleeping and nightmares, decreased appetite and weight, anxiety, withdrawal, panic attacks and poor attention and concentration. *Id.* at 565. The Sixth Circuit has held that

> [W]hen mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic techniques.

*Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir 1989), quoting *Poulin v. Bowen*, 817 F.2d 865, 873-874 (D.C. Cir. 1987), quoting *Lebus v. Harris*, 526 F.Supp. 56, 60 (N.D. Cal. 1981). Without an explanation as to the objective medical findings that did not support Dr. Vazquez's opinions, and in light of the diagnoses and observations of Dr. Vazquez as a psychiatrist, the undersigned recommends that the Court find that substantial evidence is lacking to support rejection of Dr.

-6-

Vazquez's opinions based upon this ALJ finding.

The undersigned recommends that the Court find that ALJ also lacks substantial evidence to support her second reason for rejecting Dr. Vazquez's opinion. The ALJ found that Dr. Vazquez's opinion was "inconsistent with the Global Assessment of Functioning Score of 50 that he assigned to claimant multiple times." ECF Dkt. #12 at 73-74. "GAF examinations measure psychological, social, and occupational functioning on a continuum of mental-health status from 0 to 100, with lower scores indicating more severe mental limitations." *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 275-276 (6th Cir. 2009). A GAF score of 41–50 indicates that a person has "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or serious impairment in social or occupational functioning (e.g., no friends and unable to keep a job). Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, 34 (2000). The Commissioner of Social Security "'has declined to endorse the [GAF] score for "use in the Social Security and SSI disability programs," and has indicated that [GAF] scores have no "direct correlation to the severity requirements of the mental disorders listings.'" *DeBoard v. Comm'r of Soc. Sec.*, 211 Fed. App'x 411 (6th Cir.2006) (additional quotations omitted).

While GAF scores may not have a direct correlation to the severity requirements of the Listings, "they certainly are not irrelevant." *Edwards ex rel. R.M. v. Comm'r of Soc. Sec.*, No. 3:11CV767, 2012 WL 1096154, at *6 (Mar. 2, 2012)(citations omitted), Report and Recommendation Adopted by 2012 WL 1096149. The ALJ in this case apparently found the GAF score of 50 relevant as she mentioned it, but she erroneously found that the score was inconsistent with Dr. Vazquez's opinions. The GAF score of 50 does not appear to be inconsistent with Dr. Vazquez's opinions and the ALJ fails to explain why she made such a finding. Dr. Vazquez had indicated that Plaintiff is anxious around people, does not keep regular appointments due to her fears, and is "very fearfull[sic] and withdrawn... her main problems are avoiding interactions with people in general." ECF Dkt. #12 at 565-566. Thus, substantial evidence is lacking for this reason advanced by the ALJ to reject Dr. Vazquez's opinion.

In rejecting Dr. Vazquez's opinions, the ALJ also found that his opinions were inconsistent with other opinions in the record. ECF Dkt. #12 at 74. However, again, the ALJ failed to identify

-7-

the other opinions upon which she relied. If the ALJ relied upon the opinions of the non-examining agency physicians, substantial evidence is lacking for such a finding. First, the Sixth Circuit has indicated that "[n]othing in the [social security] regulations indicates, or even suggests, that the administrative judge may decline to give the treating physician's medical opinion less than controlling weight simply because another physician has reached a contrary conclusion." *Hensley v. Astrue*, 573 F.3d 263, 266-267 (6th Cir. 2009). Further, the non-examining agency physician's psychiatric review technique form issued on April 21, 2010 acknowledged Dr. Vazquez's January 29, 2010 initial intake findings, but found that no controlling weight could be given because Plaintiff had no treating psychiatrist at that time. *Id.* at 345-356. Moreover, this assessment and the mental RFC assessment were issued well before Dr. Vazquez's May 2, 2011 opinion. *Id*. at 345-359, 565-566. Accordingly, the undersigned recommends that the Court find that substantial evidence does not support the ALJ's reliance upon this finding to support her rejection of Dr. Vazquez's opinions.

The ALJ also concluded that Plaintiff's level of treatment was inconsistent with Dr. Vazquez's opinions, as well as her daily living activities. ECF Dkt. #12 at 74. Although there were some issues concerning Plaintiff's earlier noncompliance with medication and her lack of treatment for a period of time after her treating doctor at a prior clinic left, the undersigned is unclear what "level of treatment" the ALJ refers to as inadequate to support Dr. Vazquez's opinions. Dr. Vazquez acknowledged Plaintiff's history of psychiatric treatment and still issued his limiting opinions. ECF Dkt. #12 at 547-548. He indicated that he treated Plaintiff every four to eight weeks to adjust her medication and she saw a counselor in his office in the interim periods. *Id.* at 565. Dr. Vazquez concluded that Plaintiff's response to counseling and medication had been limited. *Id.* at 547. The undersigned recommends that the Court find that the ALJ's finding on this issue to be inadequate to support a rejection of Dr. Vazquez's opinions.

Moreover, Plaintiff testified that she takes care of her four minor children, ages 6 months, 5, 6, and 11. ECF Dkt. #12 at 96. She indicated that her three oldest children are in school all day and they eat lunch at school, but she does prepare simple meals for them for dinner. *Id*. at 97. She testified that she does not go outside much because she gets scared and she does not associate with many people, except a boxing coach at the recreation center where she sometimes takes her children.

-8-

*Id.* at 98. The ALJ fails to provide any insight into how these limited activities are inconsistent with Dr. Vazquez's opinions. In fact, this testimony was consistent with Dr. Vazquez's comments that Plaintiff has little energy for herself after caring for her children and she is irregular with attendance at appointments due to her fears. *Id.* at 565.

Finally, even though the ALJ set forth the weight that she gave to Dr. Vazquez's opinions, she failed to show that she conducted the proper analysis to show Plaintiff and this Court how she came to the conclusion to attribute no weight whatsoever to those opinions. The ALJ was required to apply the factors of 20 C.F.R. §§ 404.1527(d) and 416.927(d) in reaching her determination as to the weight given to Dr. Vazquez's opinions. Her decision does not reflect that she did so in this case.

> When the treating physician's opinion is not controlling, the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors.... However, in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference, its non-controlling status notwithstanding....

*Rogers*, 486 F.3d at 242 (citation omitted). This continued-weighing requirement is mandatory, as explained by the Commissioner's Rulings:

> Adjudicators must remember that a finding that a treating source's medical opinion is not well-supported by medically acceptable clinical and laboratory techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected. Treating source opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

Social Security Ruling 96-2p, 1996 WL 374188 at *4 (July 2, 1996)(emphasis added).

Consequently, the undersigned recommends that the Court find that the ALJ has failed to comply with the required regulations in evaluating Dr. Vazquez's opinions and in attributing no weight to those opinions.

## VI. CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court REVERSE the decision of the Commissioner's and REMAND this case to the ALJ for reevaluation and more

-9-

thorough analysis of treating physician rule as applied to Dr. Vazquez's opinions.

DATE: October 9, 2012

                                          */s/George J. Limbert*
                                          GEORGE J. LIMBERT
                                          UNITED STATES MAGISTRATE JUDGE

       ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).