UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHANNON SMITH, | ) | CASE NO. 1:12CV79 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OF OPINION** |
| COMMISSIONER OF | ) | **AND ORDER** |
| SOCIAL SECURITY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on Objection by the Defendant, Social Security Commissioner Michael J. Astrue ("Defendant" or "Commissioner"), to the Report and Recommendation ("R&R") of the Magistrate Judge. This action was referred to the Magistrate for an R&R on Appeal by the Plaintiff, Shannon Smith ("Plaintiff"), following the Social Security Administration's decision to deny Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 416(I); 423(d); 1381(a); 1382(c).

On October 9, 2012, Magistrate Judge George J. Limbert issued an R&R recommending that the Commissioner's decision denying Plaintiff's claim be reversed and this case remanded to the Administrative Law Judge ("ALJ") for reevaluation and more thorough analysis under the treating physician rule. The Defendant timely objected, and the Plaintiff responded to the objection. The District Court conducts a de novo review of those portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1).

For the reasons stated below, this Court DECLINES TO ADOPT the R&R and AFFIRMS the findings of the Commissioner.

1

**PROCEDURAL AND FACTUAL HISTORY**

On January 25, 2010, Plaintiff Shannon Smith applied for DIB and SSI. Doc. 15 at 1. The Social Security Administration denied her application. *Id.* Plaintiff challenged the agency's denial of her claim by first requesting reconsideration, then requesting an administrative hearing before an ALJ. *Id.* On July 25, 2011, the ALJ issued a decision denying benefits to the Plaintiff. Doc. 12. The Appeals Council subsequently denied Plaintiff's request for a review of the ALJ's decision. Doc. 15 at 1.

In reaching the decision, the ALJ considered the expert opinions of two physicians, Rumilia Tolentino, M.D. and Eduardo Vazquez, M.D. Doc. 12 at 21. The ALJ also considered the opinions of two medical consultants, Richard Hamersma, Ph.D. and Karla Voyten, Ph.D. *Id.* Both Dr. Tolentino and Dr. Vazquez were involved in the treatment of Plaintiff. *Id.* at 17, 20-21. In denying Plaintiff's claim, the ALJ gave "significant weight" to the findings and opinions of the medical consultants and of Dr. Tolentino, but "no weight" to the assessment of Dr. Vazquez. *Id.* at 21.

**STANDARD OF REVIEW**

The Social Security Act invokes a substantial-evidence standard with respect to judicial review of the agency's determinations of disability. 42 U.S.C. § 405(g). Ultimate judicial review of a decision by the Social Security Commissioner in this context is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial

evidence supports the Commissioner's decision, this Court will defer to that fact finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id.*

The Sixth Circuit Court of Appeals has also articulated circumstances under which the substantial-evidence standard is not met. Specifically, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Blakely v. Commissioner of Social Security,* 581 F.3d 399, 407 (6th Cir. 2009) (citations omitted). The Magistrate Judge's R&R finds that the ALJ did not follow agency rules and regulations in rendering a decision on the Plaintiff's disability claim, and therefore a lack of substantial evidence exists. This Court disagrees.

**ANALYSIS**

In support of his recommendation, the Magistrate Judge references *Cole v. Astrue*, 661 F.3d 931 (6th Cir. 2011). In *Cole*, the ALJ had denied a claim for Social Security benefits. The Magistrate Judge in that case issued an R&R in support of the denial. *Id.* at 937. The U.S. District Court for the Southern District of Ohio concurred with the Magistrate Judge's R&R and denied the claim. *Id.* The Sixth Circuit Court of Appeals reversed and remanded because of the ALJ's failure to properly follow agency procedures. *Id.* at 940. The Sixth Circuit addressed two issues relevant to this case: 1) whether the ALJ had accorded the proper weight to a treating physician's opinion and 2) whether the ALJ had sufficiently explained the weight ultimately given to that opinion in her decision. These are the very same questions Plaintiff raises in the case at bar.

The Code of Federal Regulations imposes certain standards on the evaluation of opinions offered by medical experts. Doc 15 at 5. The relevant standard at issue here is the so-called treating physician rule. *Id.* at 4. As the *Cole* opinion states, an ALJ must give a treating

3

physician's opinion "controlling weight" if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record," in accordance with 20 C.F.R. § 404.1527(d)(2). *Cole* at 937. This analysis is not to be taken lightly. As agency rules state:

> Adjudicators must remember that a finding that a treating source's medical opinion is not well-supported by medically acceptable clinical and laboratory techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

Social Security Ruling 96-2p, 1996 WL 374188 at *4 (July 2, 1996). When an opinion is not entitled to controlling weight, the ALJ must then consider a variety of factors in deciding how much weight to actually give that opinion. *Cole* at 937. Among these factors are the length, nature, frequency, and extent of the treatment relationship and the supportability of the opinion. *Id.* As the Court noted in *Cole,* agency rules and regulations require the ALJ to articulate the reasons for the ultimate decision regarding the weight of the opinion:

> Importantly, the Commissioner imposes on its decision makers a clear duty to "always give good reasons in our notice of determination or decision for the weight we give [a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). Those good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 SSR LEXIS 9, at *12 (Soc. Sec. Admin. July 2, 1996). This requirement is not simply a formality; it is to safeguard the claimant's procedural rights.

*Id.* In this case, the ALJ considered opinions from two different treating physicians, Dr. Tolentino and Dr. Vazquez, and gave significant weight to Dr. Tolentino's opinion. But the ALJ found Dr. Vazquez's opinion – that Plaintiff cannot "come close to even part-time work" – was

4

inconsistent with other substantial evidence in the record. Specifically, the ALJ found Dr. Vazquez's opinions were "not supported by objective medical findings and are inconsistent with the Global Assessment of Functioning score of 50 that he assigned to the claimant multiple times. Furthermore, Dr. Vasquez's opinions are inconsistent with other opinions in the record, the claimant's level of treatment, and her activities of daily living." Doc. 12 at 21-22.

The R&R notes that the ALJ's reference to the Global Assessment of Functioning score was incorrect. Doc. 15 at 7. "The GAF score of 50 does not appear to be inconsistent with Dr. Vazquez's opinions, and the ALJ fails to explain why she made such a finding." *Id.* Defendant concedes that the ALJ's statement with respect to the GAF score was erroneous, but maintains this was not the sole basis for the ALJ's decision and should not be the basis for a remand of the case. Doc. 16 at 6. This Court agrees. In such circumstances, the Court may affirm the ALJ's decision if we find error but the error in question is harmless. *Francis v. Commissioner of Soc. Sec. Admin.*, 414 Fed. Appx. 802 (6th Cir. 2011). Such is the case here.

The ALJ made clear that Dr. Vazquez's opinions were inconsistent with other evidence in the record besides the GAF score, including "claimant's level of treatment, and her activities of daily living." Doc. 12 at 21-22. Those activities of daily living are addressed in the ALJ's report. For example, the ALJ noted that Plaintiff "testified that she cares for her three young children, with the youngest being an infant, all by herself." Doc. 12 at 18. Plaintiff also reported cooking dinner for her children, providing 24-hour care for her baby, and doing laundry on a daily basis. *Id.* In addition, the ALJ noted that Dr. Torentino determined Plaintiff had "full range of motion" in her spine, and therefore could not provide "any evidence of signs, symptoms, and laboratory findings to support her allegations regarding a medically determinable back impairment." Doc.

5

12 at 17. The ALJ has therefore provided sufficient details to support her conclusion that Dr. Vazquez's opinions were inconsistent with Plaintiff's activities for daily living.

With respect to Plaintiff's "level of treatment," the ALJ's ruling states, "[t]he evidence shows that the claimant's mental impairments improve with proper medication treatment and counseling. She even testified during the hearing that her Prozac helps her calm down and relax." Doc. 12 at 21. In addition, the ALJ indicates that Plaintiff had found employment at a Wendy's restaurant but then gave conflicting accounts of why her employment there was later terminated. *Id.* The ALJ has therefore provided sufficient details to support her conclusion that Dr. Vazquez's opinions were inconsistent with Plaintiff's level of treatment.

Any misstatement on the part of the ALJ with regard to the GAF score is harmless. The ALJ parsed all of these various reports and made necessary decisions about which findings were most credible. In a battle of the experts, it is up to the agency to determine which expert wins. *Justice v. Commissioner of Soc. Security*, 2013 WL 645957, *5 (6th Cir. 2013). That is what the ALJ did here by giving more weight to the opinion of Dr. Tolentino than the opinion of Dr. Vazquez.

Plaintiff contends the ALJ did not articulate "good reasons" for the weight ultimately granted to Dr. Vazquez's opinion, and therefore Plaintiff was not afforded a procedural safeguard to which she is entitled. The Magistrate Judge's R&R proposes to reverse the Commissioner's decision and remand the case to the ALJ for further proceedings.

Defendant, in objecting to the Magistrate's R&R, relies in part on *Bledsoe v. Barnhart,* 165 Fed. Appx. 408 (6th Cir. 2006). In that case, the Court examined an ALJ's statement that a treating physician's opinions were "not well supported by the overall evidence of record and are inconsistent with other medical evidence of record." *Bledsoe* at 412. The Court concluded that

6

the ALJ's statement was, in fact "a specific reason for not affording controlling weight to [the treating physician]." *Id.* The language the Court found to be sufficiently specific in *Bledsoe* is strikingly similar to the language of the ALJ's ruling in this case. Doc. 12 at 21-22. Consistent with *Bledsoe,* this Court finds the ALJ's explanation to Plaintiff to be sufficient.

Defendant also relies on *Francis,* which involved an appeal of an ALJ's decision to assign a treating physician's opinion no weight. In *Francis*, the Sixth Circuit ruled, "[i]n assigning no weight to his opinion, the ALJ cited the opinion's inconsistency with the objective medical evidence, Francis's conservative treatment and daily activities, and the assessments of Francis's other physicians. Procedurally, the regulations require no more." *Francis* at 804. In the case at bar, the ALJ has complied with the standard articulated in *Francis.*

The goal of the procedural safeguard at issue here is to provide the claimant and a reviewing court with a clear understanding of the reasons for the weight given a treating physician's opinion. *Id.* The ALJ's decision in this case has met that basic threshold. The ALJ's overall narrative speaks to the inconsistencies that were the basis for the decision reached with respect to Dr. Vazquez's opinion and the ultimate determination regarding Shannon Smith's disability claim.

**CONCLUSION**

The ALJ's ruling denying Social Security benefits to Plaintiff adequately set forth the reasons that no weight was assigned to Dr. Vazquez's opinion. Therefore, there is substantial evidence to support the Commissioner's decision. Because substantial evidence supports the Commissioner's decision, this Court will defer to that fact finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Warner* at 390.

For the reasons set forth above, the Magistrate Judge's Report and Recommendation is REJECTED. The decision of the Commissioner denying benefits to the Plaintiff is AFFIRMED.

**IT IS SO ORDERED.**


Dated: __February 27, 2013_ ___/s/John R. Adams_____
**JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE**